IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FORD ROBINSON PARTNERSHIP, | | |
| Plaintiff, | | **8:18CV9** |
| vs. | | |
| WELLS FARGO CLEARING SERVICES, LLC; HOLLIS LORENZO MAXFIELD; ALPHA E ANGEL, LLC; MIKE BARBEE; MIKE BARBEE d/b/a FIRST MUTUAL FUNDING; GERALD LEWIS; and 4 HORSEMEN, LLC, | | **MEMORANDUM AND ORDER** |
| Defendants. | | |

This matter is before the Court on defendant Wells Fargo Clearing Services, LLC's ("Wells Fargo") Motion to Dismiss, or in the Alternative, to Transfer Venue (Filing No. 6). For the reasons stated below, the Motion is granted in part and denied in part, and plaintiff Ford Robinson Partnership's ("Ford Robinson") Second Amended Complaint (Filing No. 1-1, pp. 71-74) is dismissed as to Wells Fargo.

## I. BACKGROUND

Ford Robinson, a Nebraska partnership, desired $6,000,000 in funding to acquire Techota, LLC ("Techota"), a home-healthcare business located in Alabama. On September 2, 2016, Mike Barbee ("Barbee"), an individual associated with the Texas entity First Mutual Funding ("First Mutual"), contacted Ford Robinson about providing the funding. Barbee represented that he; Hollis Lorenzo Maxfield ("Maxfield"), an "employee or agent" of Alpha E Angel, LLC ("Angel"), a Texas company; and Gerald Lewis ("Lewis"), an "employee or agent" of Wells Fargo, would be able to obtain $6,000,000 in financing for Ford Robinson.[1]

---

[1] Wells Fargo records reflect the existence of an entity known as "Alpha Angel LLC" and an individual named "Larenzo Maxfield."

Ford Robinson and Maxfield executed a Wells Fargo Advisor Limited Liability Company Authorization, and Lewis opened a brokerage account at Wells Fargo that Maxfield and Ford Robinson allegedly could only use with joint signatures. On September 29, 2015, Ford Robinson deposited $99,962 into the account. On November 19, 2015, Maxfield withdrew the money from the brokerage account. Maxfield apparently cannot be found.

On December 12, 2017, Ford Robinson filed its Second Amended Complaint (Filing No. 1-1, pp. 71-74) in the District Court of Douglas County, Nebraska, alleging one count of fraudulent misrepresentation against Maxfield, Angel, Barbee, First Mutual, 4 Horsemen, LLC,[2] Lewis, and Wells Fargo. Citing diversity jurisdiction, Wells Fargo removed the case to federal court on January 5, 2018. *See* 28 U.S.C. §§ 1332, 1441, and 1446. Wells Fargo filed the present Motion on January 12, 2018.

## II.    DISCUSSION

Wells Fargo seeks dismissal of the Complaint against it for failure to state a claim and lack of personal jurisdiction, or, in the alternative, to transfer the case to the United States District Court for the Northern District of Texas where personal jurisdiction allegedly exists. *See* Fed. R. Civ. P. 12(b)(2) and (6); 28 U.S.C. §1404(a).[3]

Wells Fargo and Ford Robinson have each filed Indexes (Filing Nos. 8 and 14) of evidence that mainly relate to the issue of personal jurisdiction. "When personal

---

[2]4 Horsemen, LLC is allegedly associated with Barbee in some way.

[3]Ford Robinson curiously claims Wells Fargo "does not provide a basis for requiring the Plaintiff's operative Complaint, as removed from the District Court of Douglas County Nebraska, to conform to the Federal Rules of Civil Proceedure [sic]." Federal Rule of Civil Procedure 81(c)(1) explicitly states, "These rules apply to a civil action after it is removed from a state court." "This expansive language contains no express exceptions and indicates a clear intent to have the Rules . . . apply to all district court civil proceedings." *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992). Ford Robinson's Second Amended Complaint will "be governed by the current federal pleading standard," including Federal Rule of Civil Procedure 9(b), which requires a party "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake.").

jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The Court doubts Ford Robinson has met this burden because its evidence points only to the fact that Wells Fargo is registered to do business in Nebraska and does business in the State, nothing more. However, due to the confusing and opaque nature of the Second Amended Complaint (and the Brief in Opposition to Defendant's Motion to Dismiss or Transfer Venue),[4] the Court will assume only for the purpose of the pending Motion that jurisdiction exists, and will proceed to analyze the clearer issue – whether Ford Robinson has stated a claim against Wells Fargo.[5]

### A. Choice of Law

In its brief, Wells Fargo raised the issue of choice of law. "A district court sitting in diversity must apply the conflict of law rules for the state in which it sits." *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001). "In choice-of-law determinations, [the Nebraska Supreme Court] often seek[s] guidance from the Restatement (Second) of Conflict of Laws." *Erickson v. U-Haul Int'l*, 767 N.W.2d 765, 772 (Neb. 2009); *accord Inacom*, 254 F.3d at 687 ("In deciding choice of law questions, Nebraska follows the Restatement (Second) of Conflict of Laws."). Section 148 of the Restatement governs the tort of fraudulent misrepresentation.

The Court determines Nebraska law applies because Nebraska is (1) "the place . . . where [Ford Robinson] acted in reliance upon the defendant[s'] representations," (2) "the

---

[4]It appears the jurisdictional issue in this case is inextricably tied to fact issues; i.e. what contacts, if any, Lewis and Wells Fargo have with Nebraska relative to Ford Robinson's claim.

[5]Although it is usually preferable to decide personal jurisdiction issues first, courts will sometime bypass personal-jurisdiction analysis to determine the merits, especially if the jurisdictional issue is difficult. *See Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) ("A court may assume the existence of personal jurisdiction and adjudicate the merits in favor of the defendant without making a definitive ruling on jurisdiction."); *In re DES Litig.*, 7 F.3d 20, 24 (2d Cir. 1993) (stating courts may assume personal "jurisdiction and adjudicate the merits in favor of a defendant"); *Sain v. Geske*, Civil No. 07–4203, 2008 WL 2811166, at *7 (D. Minn. July 17, 2008) (noting courts should ordinarily determine jurisdiction but an exception exists when personal jurisdiction analysis is difficult).

place where [Ford Robinson] received the representations," and (3) the "residence . . . and place of business" of Ford Robinson.[6]  Restatement (Second) of Conflict of Laws § 148(2) (1971).

### B.    Failure to State a Claim

"To survive a motion to dismiss for failure to state a claim, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Roe v. Nebraska*, 861 F.3d 785, 787 (8th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible when it alleges facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

According to Wells Fargo, Ford Robinson fails to state a claim against Wells Fargo because (1) Lewis's actions are the only conduct possibly attributable to Wells Fargo and Ford Robinson does not adequately plead vicarious liability; (2) Ford Robinson failed to plead fraudulent misrepresentation with the heightened particularity required in Rule 9(b); and (3) Ford Robinson failed to adequately allege Wells Fargo's knowledge of the falsity of the claims.

In the Second Amended Complaint, Ford Robinson states, "Gerald Lewis was at all relevant times an employee or agent of Wells Fargo Advisors."  Ford Robinson also occasionally refers to Lewis as "Gerald Lewis of [Wells Fargo]."  An employer is vicariously liable for the acts of an employee when respondeat superior applies, and a principal is vicariously liable for the acts of an agent when the agent acts with actual or apparent authority within the scope of his employment.  *Kocsis v. Harrison*, 543 N.W.2d 164, 168 (Neb. 1996); *Bury v. Action Enters., Inc.*, 246 N.W.2d 724, 726 (Neb. 1976).

---

[6]Because most of the defendants apparently are Texas citizens and the alleged misrepresentations were made in Texas, Texas law could arguably apply.  However, Texas law is consistent with Nebraska law on vicarious liability, which is the main issue addressed in this Memorandum and Order.

## 1. Respondeat Superior

For an employer to be liable for the acts of an employee under respondeat superior, (1) the employment must have existed at the time of the alleged injury, (2) the employment relationship must have encompassed the particular acts that resulted in the alleged tort, and (3) the employee must be acting within the scope of his employment. *Strong v. K & K Invs.*, 343 N.W.2d 912, 915 (Neb. 1984); *Thies v. Wild W., Inc.*, No. A-09-1198, 2010 WL 2902171, at *6 (Neb. Ct. App. 2010).[7]

Ford Robinson only alleges Lewis was an "agent or employee" of Wells Fargo, and does not address the other requirements of respondeat superior. Thus, Ford Robinson fails to state a claim against Wells Fargo under respondeat superior.

## 2. Actual or Apparent Authority

"To state a claim based on apparent authority, a plaintiff must allege facts showing that 'the alleged principal affirmatively, intentionally, or by lack of ordinary care cause[d] third persons to act upon the apparent agency.'" *Lustgraaf v. Behrens*, 619 F.3d 867, 882 (8th Cir. 2010) (quoting *Draemel v. Rufenacht, Bromagen & Hertz, Inc.*, 223 Neb. 645, 392 N.W.2d 759, 763 (Neb. 1986)).[8] In this case, the Second "Amended Complaint is devoid of allegations that [Wells Fargo] caused [Ford Robinson] to act upon any 'apparent agency.'" *Lohrman v. Sunset Fin. Servs.*, 641 F. Supp. 2d 879, 885 (D. Neb. 2009). Ford Robinson also omits any claim that Lewis had actual authority to make the alleged fraudulent misrepresentation. Even if Ford Robinson can show actual or

---

[7]Under Texas law, "to render the master liable for an act of his servant, the act must be committed within the scope of the general authority of the servant in furtherance of the master's business and for the accomplishment of the object for which the servant is employed." *Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 578 (Tex. 2002) (quoting *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)).

[8]Under Texas law, "[t]o establish apparent authority, one must show that a principal either knowingly permitted an agent to hold itself out as having authority or showed such lack of ordinary care as to clothe the agent with indicia of authority." *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 952-53 (Tex. 1996). Additionally, "[a] court may consider only the conduct of the principal leading a third party to believe that the agent has authority in determining whether an agent has apparent authority." *Id.* at 953.

apparent authority on the part of Lewis, it would still have to show Lewis was acting within the scope of his employment. *Bury*, 246 N.W.2d at 726.[9] Ford Robinson alleges no facts that Lewis's alleged statements were made within the scope of any alleged employment with Wells Fargo.

Ford Robinson's Second Amended Complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and will be dismissed as to Wells Fargo. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)).

### C.    Alternate Bases for Dismissal

Ford Robinson has failed to state a claim against Wells Fargo because the allegations in the Second Amended Complaint fail to plausibly impute any potential liability from Lewis to Wells Fargo.  The Second Amended Complaint also fails against Wells Fargo because Ford Robinson does not plead the alleged fraud with sufficient particularity to satisfy Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "In other words, 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'"  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 406 (8th Cir. 2017) (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)).

Ford Robinson falls far short of this requirement.   The Second Amended Complaint contains few examples of any misrepresentations, and they are extremely

---

[9]*See Texas & Pac. Ry. v. Hagenloh*, 247 S.W.2d 236, 236 (Tex. 1952) (declaring the principal question to be whether the agent was acting within the scope of his employment).

general and conclusory where they do appear. For example, Ford Robinson states the defendants "made representations that funding could be secured for the purchase of [Techota], and that the opening and deposit of funds into a brokerage account was necessary as security to obtain such funding." This statement does not detail who specifically said what and when the representations were made. Ford Robinson then claims the defendants "knew such representations were false at the time they made such representations to [Ford Robinson]." Again, there are no specifics as to time, place, or content, and the defendants' knowledge of the statements' falsity is generally alleged. "Simply put, the [Second Amended Complaint] fails to identify specifically the 'who, what, where, when, and how' of the alleged fraud" and will be dismissed. *Joshi*, 441 F.3d at 556.

The Court need not reach the remaining bases for dismissal or the request for transfer because they are mooted by the dismissal of Wells Fargo as a party.

### D. Request to Amend

In its brief in opposition (Filing No. 12) to the Motion to Dismiss, Ford Robinson asks for leave to amend its Second Amended Complaint.

Simply mentioning the alternative of leave to amend in a brief is not a proper motion. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002). Additionally, "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015) (quoting *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983)); *see* NECivR 15.1 ("A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments.").

Notwithstanding plaintiff's noncompliance, Ford Robinson will be given an opportunity to amend. Ford Robinson will have ten days from the date of this Memorandum and Order to amend its Second Amended Complaint.

### III. CONCLUSION

Ford Robinson's Second Amended Complaint fails to state a claim against Wells Fargo, and Wells Fargo is dismissed as a party. Ford Robinson is granted leave to amend its Second Amended Complaint. Accordingly,

IT IS ORDERED:

1. Defendant Wells Fargo Clearing Services, LLC's Motion to Dismiss, or in the Alternative, to Transfer Venue (Filing No. 6) is granted in part and denied in part.

2. Ford Robinson Partnership's Second Amended Complaint (Filing No. 1-1, pp. 71-74) is dismissed as to Wells Fargo Clearing Services, LLC.

3. Ford Robinson Partnership's informal and unsupported request for leave to amend its Second Amended Complaint is granted; however, Ford Robinson Partnership must amend within 10 days of this Order.

Dated this 20th day of March, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge