IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FORD ROBINSON PARTNERSHIP, a Nebraska Partnership;<br><br>Plaintiff,<br><br>vs.<br><br>HOLLIS LORENZO MAXFIELD, ALPHA E ANGEL, LLC, a Texas Limited Liability Company; MIKE BARBEE, MIKE BARBEE, GERALD LEWIS, and 4 HORSEMEN, LLC,<br><br>Defendants. | **8:18CV9**<br><br>**SHOW CAUSE ORDER** |

Plaintiff Ford Robinson Partnership filed its complaint against Hollis Lorenzo Maxfield, Alpha E Angel LLC, Mike Barbee, Mike Barbee d/b/a First Mutual Funding, Gerald Lewis, and Wells Fargo Advisors on January 6, 2017 ([Filing No. 1 ¶ 1](#)). On July 7, 2017, Plaintiff amended its complaint adding claims against 4 Horsemen LLC. ([Id.](#)). It was later discovered that Wells Fargo Advisors was not a legal entity and on December 12, 2017, Plaintiff filed a Second Amended Complaint substituting Wells Fargo Clearing Services LLC ("Wells Fargo CS") for Wells Fargo Advisors. ([Filing No. 1](#)). Plaintiff served the Second Amended Complaint on Wells Fargo CS. Wells Fargo CS removed the above-captioned case to this Court on January 5, 2018. Wells Fargo CS did not serve notice of removal on other defendants as they had not yet been served by Plaintiff on the date of removal. ([Filing No. 1 ¶ 26](#)).

On January 12, 2018, Wells Fargo CS filed a motion to dismiss. ([Filing No. 6](#)). On February 15, 2018, Presiding Judge, Robert F. Rossiter, Jr. entered an order requiring Plaintiff to show cause why Wells Fargo CS's motion to dismiss should not be entered against Plaintiff as it failed to respond in by the required deadline. ([Filing No. 10](#)). After sufficiently showing cause, Plaintiff filed his response to the Motion to

Dismiss, and included an informal request to amend the complaint to cure deficiencies addressed in the motion to dismiss. ([Filing No. 12](#)). On March 20, 2018, Judge Rossiter entered an order granting the Motion to Dismiss finding that Plaintiff had "failed to state a claim against Wells Fargo [CS] because . . . the Second Amended Complaint [failed] to plausibly impute any potential liability" and the plaintiff did "not plead the alleged fraud with sufficient particularity to satisfy Rule 9(b)." ([Filing No. 18 at CM/ECF p. 6](#)). Accordingly, Judge Rossiter dismissed Wells Fargo CS as a party. ([Filing No. 18](#)). Addressing Plaintiff's request to amend, Judge Rossiter granted the request providing Plaintiff ten days from the date of the Order to amend its Second Amended Complaint. ([Filing No. 18](#)).

It has now been approximately 75 days since the entry of Judge Rossiter's order. Plaintiff has not filed an amended Complaint nor has service been completed on any of the remaining defendants—even though it has been nearly a year and a half since the initial complaint was filed. And none of the remaining defendants have voluntarily appeared.

Accordingly,

IT IS ORDERED that plaintiff shall have until July 5, 2018 to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 4th day of June, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge